# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| E&G ENTERPRISE, INC., individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HOME DEPOT USA, INC.<br><br>    Defendant. | CIVIL ACTION<br><br>FILE NO. _____<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

E&G Enterprise, Inc. ("Plaintiff"), on behalf of itself and all others similarly situated, files this class action Complaint against Home Depot USA, Inc. ("Home Depot" or "Defendant"), and in support thereof states the following:

## NATURE OF THE CASE

1. This is a nation-wide class action lawsuit by Plaintiff, individually, and on behalf of a putative class persons who rented tools from Home Depot pursuant to the form contracts attached as Exhibits A and B (both examples of the "2015 Contract"), and Exhibit C (the "2022 Contact").[1]

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning given them in the 2015 Contract and 2022 Contract, as appliable.

2. Home Depot collects many millions, if not billions, of dollars of revenue annually from its rental program.[2] A portion of that revenue is made through its practices of (i) systematically overcharging customers for late fees they did not incur; and (ii) overcharging customers for Damage Protection above and beyond the contractual price for Damage Protection. This lawsuit addresses each of these unlawful practices.

3. The lawsuit is relevant to two time periods: December 17, 2015 through March 17, 2019; and December 9, 2022 through the present.

4. The 2015 Contract was a uniform "form" contract that was used at all Home Depot stores throughout all the 50 states in the United States from December 17, 2015 through March 17, 2019.

5. This 2015 Contract is a sophisticated financial trap for the ordinary consumer. Home Depot's corporate policies for employees carrying out the 2015 Contract terms are carefully designed by the company to take advantage of unsuspecting consumers. Pursuant to those policies, Home Depot breached the 2015 Contract and harmed its consumers in the following ways:

---

[2] ". . . Home Depot Rentals reported $940 million in rental revenue in 2018 and is growing the heavy equipment and moving truck portions of its rental business." Michael Roth, *Home Depot to Grow its Rental Program, CEO Menear Says*, Rental Equipment Register, May 28, 2019, https://www.rermag.com/rental-news/article/20954736/home-depot-to-grow-its-rental-program-ceo-menear-says.

6. **First**, Home Depot breached the 2015 Contract by overcharging consumers who keep their tools longer than the Rental Period by charging excessive late fees in breach of the 2015 Contract's terms.

7. Pursuant to Section 3 of the 2015 Contract, "if the Equipment is not returned prior to expiration of the Rental Period, Customer will incur and be charged an additional rental fee in the amount identified on Page 1 of this Agreement on a **weekly, recurring basis** ('Additional Rental Fees') . . . ." Ex. A, § 3 (emphasis added.)

8. However, in practice, Home Depot charges its customers 1/4 of the "weekly recurring charge" identified on page 1 of the 2015 Contract for each of the first four days the tool is late, then charges the customer no late fees on days 5, 6 and 7. On late days 8, 9, 10 and 11, Home Depot again charges its customers 1/4 of the "weekly recurring charge" identified on page 1 of the Contract, and then does not charge the customer on late days 12, 13, and 14. Home Depot repeats this practice at seven day intervals until the tool is returned. This policy and practice overcharges consumers and violates Section 3 of the Contract because it does not charge the "weekly recurring charge" on page 1 of the 2015 Contract on a "weekly, recurring basis." In short, Home Depot bills the "weekly recurring charge" into the first four days the tool is late rather than charging it on a "weekly basis."

9. **Second**, Home Depot breached the 2015 Contract by overcharging consumers who elect Damage Protection and then keep their tools longer than the Rental Period.

10. Under the 2015 Contract, if a consumer rents a tool from Home Depot, the consumer can purchase Damage Protection to cover the cost of repair or replacement if the tool is damaged for a payment equaling 10% of the Rental Price. *See* Ex. A, § 10. Rental Price is defined in the Contract as "the rental subtotal price identified on Page 1." *Id*. § 1.

11. However, if a consumer keeps the tool beyond the Rental Period, Home Depot charges the consumer amounts equal to 10% of the Rental Price **plus an additional 10% of the Additional Rental Fees** charged to the consumer. The additional charge of 10% of the Additional Rental Fees violates Section 10 of the 2015 Contract, which provides that the cost of Damage Protection is 10% of the "rental subtotal price identified on Page 1" of the 2015 Contract (which does not include 10% of any eventual late fees).

12. **Third,** since December 9, 2022, Home Depot has used a different "form" contract for all of its tool rentals throughout the United States (the "2022 Contract"). In the 2022 Contract, the charge for Damage Protection is 15% of the Rental Price. *See* Ex. C, ¶ 4(1)(b). The 2022 Contract provides that "the charge for Tool Damage Protection is 15% of the Rental Price and will appear as a separate

line-item on the Agreement and on the invoice." Ex. C, at ¶ 4(1)(b)(i). But similar to the 2015 Contract, in the 2022 Contract, the Rental Price is defined as the "initial rental subtotal price on the first page of the Agreement."

13. Despite using a new form contract, Home Depot has continued the same practice of assessing the Damage Protection surcharge not just on the Rental Price, but also on the Additional Rental Fees, which is a violation of Section 4(1)(b) of the 2022 Contract.

## THE PARTIES

14. Plaintiff E&G is a corporation organized under the laws of Pennsylvania with a principal place of business located in Philadelphia, Pennsylvania.

15. Home Depot is a corporation organized under the laws of Delaware and with a principal place of business in Cobb County, Georgia.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this action under 28 U.S.C. § 1332(d)(2) because (a) Plaintiff is a member of the putative classes and subclasses, and each of which consists of at least 100 members, (b) Plaintiff is a citizen of Pennsylvania, (c) Home Depot is a citizen of Delaware and Georgia, (d) the amount in controversy for each of the classes exceeds the sum of $5 million exclusive of interest and costs, and (e) none of the exceptions under § 1332 applies to this claim.

17. Venue is proper in this Court because a substantial portion of the acts and course of conduct giving rise to the claims alleged occurred within the district, Defendant's corporate headquarters is located in this district and division, and Defendant is subject to personal jurisdiction in this district and division.

## STATEMENT OF FACTS

18. Exhibit A is a true and correct copy of tool rental contract 283156 entered into between E&G and Home Depot on July 14, 2018 at Home Depot Store Number 1902 in Evanston, Illinois. The Tool Rental Agreement Terms and Conditions for this transaction is also part of Exhibit A.

19. Exhibit B is a true and correct copy of a tool rental contract 230792 entered into between E&G and Home Depot on August 20, 2018 at the Home Depot Store Number 0989 in Cherry Hill, New Jersey. The Tool Rental Agreement Terms and Conditions for this transaction is also part of Exhibit B.

20. Paragraph 2 of the 2015 Contract contains a provision that requires tool rental customers to "notify The Home Depot in writing of any disputed amounts, including credit card charges, within four (4) days after the receipt of The Home Depot rental contract/invoice, or Customer shall be deemed to have irrevocably waived its right to dispute such amounts." This provision is unconscionable and is otherwise unenforceable as a matter of law, or in the alternative, it has been waived as to Plaintiff and all members of all applicable classes.

21.	Exhibit C is a true and correct copy of an invoice for tool rental contract 242020 given to E&G by Home Depot on January 8, 2023 at Home Depot Store Number 4150 in Philadelphia, Pennsylvania.  The Equipment Rental Agreement Terms and Conditions for this transaction is also part of Exhibit C.

22.	Paragraph 2 of the 2022 Contract contains a provision that requires tool rental customers "to notify the Home Depot in writing of any disputed amounts, including credit card charges, within twenty-five (25) days after receipt of the Home Depot rental contract/invoice, or Renter will be deemed to have irrevocably waived its right to dispute such amounts."  This provision is unconscionable and is otherwise unenforceable as a matter of law, or in the alternative, it has been waived as to Plaintiff and all members of all applicable classes.

23.	In addition, during the time the 2015 Contract and the 2022 Contract were in effect, tool rental customers are not provided a copy of the contracts *until after* they paid for their tool rental and the tool rental transaction is completed, and Home Depot does not have a policy which requires its associates to inform its tool rental customers of the 4-day or 25-day exculpatory provision before they pay for their tool rental.  Tool rental customers have no way of knowing about the existence of the fine-print contracts containing the exculpatory clause until after they have paid Home Depot and they have committed themselves to the tool rental transaction.

## **CLASS ACTION ALLEGATIONS**

24. Plaintiff brings this lawsuit as a class action seeking representation of a class pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3).

25. Plaintiff asserts a claim for breach of contract on behalf of a class (hereafter "Class 1" or the "2015 Contract Nationwide Late Fee Class") defined as follows:

> *All Home Depot customers nationwide who rented tools from Home Depot by executing the 2015 Contract and who were charged Additional Rental Fees in an amount greater than the "weekly recurring charge" in Terms & Conditions No. 1 on Page 1 of the Contract multiplied by each full 7 day period the tool is late from the beginning of the applicable statute of limitations through the date of a class certification order.*

26. In the alternative, Plaintiff asserts claims for breach of contract on behalf of a subclass (hereafter "Subclass 1a" or the "2015 Contract Illinois and New Jersey Late Fee Class") defined as follows:

> *All Home Depot customers who rented tools from Home Depot in Illinois and New Jersey by executing the 2015 Contract and who were charged Additional Rental Fees in an amount greater than the "weekly recurring charge" in Terms & Conditions No. 1 on Page 1 of the Contract multiplied by each full 7 day period the tool is late from the beginning of the applicable statute of limitations through the date of a class certification order.*

27. Plaintiff asserts a claim for breach of contract on behalf of a class (hereafter "Class 2" or the "2015 Contract Nationwide Damage Protection Fee Class") defined as follows:

*All Home Depot customers nationwide who rented tools from Home Depot by executing the 2015 Contract and who purchased Damage Protection and who were charged more than 10% of the rental subtotal price identified on Page 1 of the Agreement for Damage Protection from the beginning of the applicable statute of limitations through the date of a class certification order.*

28. In the alternative, Plaintiff asserts a claim for breach of contract on behalf of a subclass (hereafter "Subclass 2a" or the "2015 Contract Illinois and New Jersey Damage Protection Fee Subclass") defined as follows:

*All Home Depot customers who rented tools from Home Depot in Illinois and New Jersey by executing the 2015 Contract and who purchased Damage Protection and who were charged more than 10% of the rental subtotal price identified on Page 1 of the Agreement for Damage Protection from the beginning of the applicable statute of limitations through the date of a class certification order.*

29. Plaintiff asserts a claim for breach of Contract on behalf of a class (hereafter "Class 3" or the "2022 Contract Nationwide Damage Protection Fee Class") defined as follows:

*All Home Depot customers nationwide who rented tools from Home Depot by executing the 2022 Contract and who purchased Damage Protection and who were charged more than 15% of the rental subtotal price identified on Page 1 of the Agreement for Damage Protection from the beginning of the applicable statute of limitations through the date of a class certification order.*

30. In the alternative to Class 3, Plaintiff asserts a claim for breach of Contract on behalf of a subclass (hereafter "Subclass 3a or the "2022 Contract Pennsylvania Damage Protection Fee Class") defined as follows:

*All Home Depot customers in Pennsylvania who rented tools from Home Depot by executing the 2022 Contract and who purchased Damage Protection and who were charged more than 15% of the rental subtotal price identified on Page 1 of the Agreement for Damage Protection from the beginning of the applicable statute of limitations through the date of a class certification order.*

31. Excluded from these classes and subclasses are all officers and employees of Home Depot and its affiliates, parents, and subsidiaries; all persons who make a timely election to be excluded from the classes and subclasses; government entities; and the judges to whom this case is assigned, their immediate family, and their court staff.

### Fed. R. Civ. P. 23(a)

32. **Numerosity.** In 1995, Home Depot opened Tool Rental centers. By 2015, the company was "the fourth largest equipment company in the U.S. and the biggest general large equipment and small tool rental company in the world."[3] Upon information and belief, members of each of the Classes and Subclasses identified herein are so numerous and geographically dispersed throughout the United States and throughout the States of Illinois, New Jersey and Pennsylvania that separate joinder of each is impracticable.

---

[3] *See* https://corporate.homedepot.com/newsroom/home-depot-tool-rental-20-years (last visited July 5, 2024).

33. **Ascertainability.** The members of each of the Classes and Subclasses identified herein are ascertainable and readily identifiable from Home Depot's own information, documents, and data.

34. **Commonality.** Common questions of law and fact predominate, which are susceptible to common answers:

    a. Has Home Depot breached the 2015 Contract with Class 1 and Subclass 1a by charging late fees on a basis other than a "weekly, recurring basis";

    b. Has Home Depot breached the 2015 Contract with members of Class 2 and Subclass 2a by charging fees for Damage Protection in excess of 10% of the Rental Price for such protection;

    c. Has Home Depot breached the 2022 Contract with members of Class 3 and Subclass 3a by charging fees for Damage Protection in excess of 15% of the Rental Price for such protection;

35. **Typicality.** Plaintiff's claims are typical of the claims of all members of all classes. The Contract is a form contract and each member of each class signed the same contract with Home Depot and is governed by the same material terms.

36. In addition, Home Depot employs standardized billing practices that charge Plaintiff and all other of its tool rental customers the same way throughout the United States.

37. **Adequacy.** Plaintiff is an adequate class representative because its interests does not conflict with interests of the members of the classes and subclasses, and it will fairly and adequately protect these interests. Plaintiff's attorneys are experienced in litigating consumer class actions and complex litigation, and are adequate class counsel for this case.

### Fed. R. Civ. P. 23(b)(3).

38. Plaintiff's claims are maintainable on behalf of the Classes and Subclasses pursuant to Fed. R. Civ. P. 23(b)(3).

39. Questions of law and fact predominate over any questions only affecting individual members of the classes.

40. A class action is superior to all other available methods of fairly and efficiently adjudicating this dispute. Members of the classes have individual damages that, while meaningful, are too small to prosecute individually. Given the relatively small damages individually suffered, individual members of the classes and subclasses would have little interest in controlling the prosecution of this matter in separate actions, and individual plaintiffs would find it difficult to locate adequate counsel to litigate these claims against counsel hired by corporate giant Home Depot. Thousands of individual lawsuits seeking relatively small recoveries based on the same legal theories would burden the court system. A class action presents far fewer management difficulties and provides the benefits of a single adjudication,

economies of scale, and comprehensive supervision by a single court.  Plaintiff's counsel are unaware of likely difficulties in managing this class action.

41.     It is desirable to concentrate the litigation of these claims in this forum because the Defendant's principal place of business is in this district.

## COUNT I
## BREACH OF THE 2015 CONTRACT
### CLASS 1 or the 2015 Contract Nationwide Late Fee Breach of Contract Class
### CLASS 1a or the 2015 Contract Illinois and New Jersey Late Fee Breach of Contract Subclass

42.     The allegations in paragraphs 1 through 41 are incorporated herein by reference.

43.     Section 3 of the 2015 Contract provides that "if the Equipment is not returned prior to expiration of the Rental Period, Customer will incur and be charged an additional rental fee in the amount identified on page 1 of this Agreement on a **weekly, recurring basis** ('Additional Rental Fees')."  Ex. A, § 3 (emphasis added.)

44.     However, if a consumer returns a tool to Home Depot after the expiration of the Rental Period, the consumer is not charged a late fee on a "weekly recurring basis" until the tool is returned.

45.     Instead, Home Depot charges the consumer Additional Rental Fees in the manner described in paragraph 8 of the Complaint.

46. Home Depot's practice of charging its consumers Additional Rental Fees in this manner is a breach of the 2015 Contract and the implied duty of good faith and fair dealing.

47. With respect to the transactions identified on Exhibits A and B, Plaintiff returned those tools after the Rental Period and was assessed Additional Rental Fees.

48. Home Depot breached its contract with Plaintiff with respect to Exhibits A and B by charging Additional Rental Fees on a basis other than a "weekly, recurring basis" that resulted in Plaintiff being overcharged.

49. Plaintiff, Class 1, and Subclasses 1a have been damaged by this breach of the 2015 Contract by Home Depot in an amount to be determined at trial.

**COUNT II**
**BREACH OF THE 2015 CONTRACT**
**CLASS 2 or the 2015 Contract Nationwide Damage Protection Fee Class**
**CLASS 2a or the 2015 Contract Illinois and New Jersey Damage Protection Fee Subclass**

50. The allegations in paragraphs 1 through 41 are incorporated herein by reference.

51. The 2015 Contract provides that "the charge for damage Protection is 10% of the Rental Price and will appear as a separate line item on the Agreement and on the invoice." Ex. A, § 10.

52. The Rental Price is defined as "the rental subtotal price identified on Page 1." Ex. A, § 1.

53. Neither the Rental Price definition, nor the "rental subtotal price identified on Page 1," includes or in any way indicates that the charge for Damage Protection will **also** include 10% of any Additional Rental Fees.

54. Home Depot charges consumers more than 10% of the Rental Price for Damage Protection if Additional Rental Fees are assessed.

55. There is no basis in the 2015 Contract for Home Depot to charge more than 10% of the Rental Price for Damage Protection.

56. With respect to the transactions identified on Exhibits A and B, when Plaintiff returned the tools to the Home Depot, it was charged more than 10% of the Rental Price for Damage Protection.

57. Home Depot has breached the 2015 Contract and the implied duty of good faith and fair dealing as to Plaintiff, Class 2, and Subclass 2a by charging more than 10% of the Rental Price for Damage Protection.

58. Plaintiff, Class 2, and Subclass 2a have been damaged by this breach by Home Depot in an amount to be determined at trial.

## COUNT III
## BREACH OF THE 2022 CONTRACT
### Class 3 or the 2022 Contract Nationwide Damage Protection Fee Class
### Class 3(a) or the 2022 Pennsylvania Damage Protection Fee Class

59. The allegations in paragraphs 1 through 41 are incorporated herein by reference.

60. Section 4(1)(b) of the 2022 Contract provides that "the charge for Tool Damage Protection is 15% of the Rental Price and will appear as a separate line-item on the Agreement and on the invoice."

61. Section 1 of the 2022 Contract defines "Rental Price" as "the initial rental subtotal price identified on the front page of this Agreement ('Rental Price')."

62. Despite this, if a customer who elects Damage Protection returns a tool after the Rental Period, Home Depot charges that customer 15% of the Rental Price plus any Additional Rental Fees incurred by the customer.

63. This practice is a breach of Section 4(1)(b) of the 2022 Contract.

64. With respect to the transaction identified on Exhibits C, Plaintiff returned the tool to Home Depot after the Rental Period and was charged more than 15% of the Rental Price for Damage Protection.

65. Plaintiff and the members of Class 3 and Subclass 3(a) have been damaged by this breach of the 2022 Contract in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the Classes and Subclasses, demands a trial by jury on all triable issues and seek judgment as follows:

(a) An order certifying this action as a class action on behalf of Class 1, and an award of all damages for provable at trial;

(b) In the alternative to (a), an order certifying this action as a class action on behalf of Subclass 1a, and an award of all damages for provable at trial;

(c) An order certifying this action as a class action on behalf of Class 2, and an award of all damages provable at trial;

(d) In the alternative to (c), an order certifying this action as a class action on behalf of Subclass 2a, and an award of all damages for provable at trial;

(e) An order certifying this action as a class action on behalf of Class 3, and an award of all damages provable at trial;

(f) In the alternative to (e), an order certifying this action as a class action on behalf of Subclass 3a, and an award of all damages for provable at trial;

(g) For all other damages according to proof;

(h) For pre-judgment interest as allowed by law;

(i) For costs of Court; and

(j) For all other relief this Court deems necessary and proper.

Plaintiff hereby demands a trial by jury as to all issues so triable.

**BAYUK PRATT, LLC**

*/s/Bradley W. Pratt*
Bradley W. Pratt
Georgia Bar No. 586672
Frank T. Bayuk
Georgia Bar No. 142596
4401 Northside Pkwy, Suite 390
Atlanta, Georgia 30327
Telephone: (404) 500-2669
bradley@bayukpratt.com

**THE LOCKETT LAW FIRM LLC**

*/s/John A. Lockett III*
John A. Lockett III
Georgia Bar No. 455549
Alexander M. Heideman
Georgia Bar No.: 159212
1397 Carroll Drive
Atlanta, Georgia 30318
Telephone: (404) 806-7448
john@lockettlawfirm.com

- 19 -

        **CROSS KINCAID LLC**

        */s/Meredith C. Kincaid*
        Meredith C. Kincaid
        Georgia Bar No. 148549
        315 W. Ponce de Leon Ave, Suite 715
        Decatur, Georgia 30030
        Telephone: (404) 948-3022
        meredith@crosskincaid.com

        *Counsel for Plaintiff*